FILED
2026 Nov-24 AM 10:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER STUDDARD,**<br>Plaintiff,<br><br>**v.**<br><br>**PAUL HARMON, *et al.*,**<br>Defendants. | **Case No. 1:26-cv-1057-CLM** |

# MEMORANDUM OPINION

The court ordered Defendant AS Trans to show cause why this case should not be dismissed for lack of diversity jurisdiction, and the court now rules on the parties' responses. (Docs. 7, 8). After reviewing the responses, the court concludes that it lacks subject matter jurisdiction over this case. So the court **REMANDS** the case to the Circuit Court of Etowah County, Alabama.

## BACKGROUND

While working for AS Trans, Paul Harmon drove a tractor-trailer that collided with Christopher Studdard. So Studdard sued AS Trans and Harmon in the Circuit Court of Etowah County, Alabama, (*See* doc. 1).

Studdard is an Alabama citizen. In his complaint, Studdard alleged that, "according to information and belief," Harmon is a citizen of Texas, and AS Trans is a citizen of Illinois. (*Id.*, pp. 2–3). Studdard pleaded only state-law claims. He alleged that the accident caused him to suffer: (1) property damages, (2) serious bodily injuries that require ongoing treatment, and (3) mental anguish. (Doc. 1-1, p. 10). Studdard sought compensatory and punitive damages. (*See id.*, p. 16). AS Trans removed the case to this federal court, asserting that the court has diversity jurisdiction. (*See* doc. 1).

The court ordered AS Trans to show cause why the case should not be remanded to state court for lack of diversity jurisdiction. (Doc. 6). The court did so because AS Trans' notice of removal came up short on both prongs of

diversity jurisdiction. (*See id.*). For diversity of citizenship, AS Trans alleged only that it "believe[d]" Defendant Harmon was a citizen of Texas. (Doc. 1, p. 3). As for the amount in controversy, neither Studdard's complaint nor AS Trans' removal notice allowed the court to make a non-speculative estimate of Studdard's damages. (*Id.*, p. 2–3).

The court explained that it would remand the case unless AS Trans' response included evidence allowing for (1) a non-speculative finding that Harmon is not a citizen of Alabama and (2) a quantification of Studdard's damages. (Doc. 6, p. 3).

## DISCUSSION

AS Trans provided evidence sufficient to make a non-speculative finding that Defendant Harmon is a citizen of Texas and not Alabama. (*See* doc. 7-1).

But AS Trans still comes up short on the amount in controversy. AS Trans bears the burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). And in making this calculation, the "court may rely on evidence put forward by the removing defendant as well as reasonable inferences and deductions drawn from that evidence." *Id.*

To meet its burden, AS Trans points to three facts: (i) the general nature of the claims; (ii) a chart of recent jury verdicts exceeding $75,000 in "commercial vehicle accidents"; and (iii) Studdard's refusal to stipulate to the amount in controversy. (Doc. 7, pp. 2–4).

*First*, the general nature of the claims does not help the court quantify Studdard's damages. The general nature of a claim is neither a specific allegation nor an evidentiary submission that would allow the court to make a non-speculative finding about Studdard's damages. *See, e.g.*, *Caldwell v. Williams*, 2021 WL 5416387, at *4 (N.D. Ala. Nov. 19, 2021). Accordingly, the general nature of the claims does not help establish that the amount in controversy exceeds $75,000.

*Second*, the chart of recent jury verdicts in commercial vehicle accidents does not make Studdard's damages any less speculative. The court's show

cause order noted that Studdard's complaint (and the notice of removal) lacked sufficient detail about his injuries and medical treatments. (*See* doc. 6, p. 2). The chart about prior jury verdicts does not solve that problem because it still does not explain the details of Studdard's injuries. In other words, the "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [AS Trans'] assertion in *this* case." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (emphasis added). So the chart of prior jury verdicts in commercial vehicle accidents does not help establish that the amount in controversy exceeds $75,000 in this case.

*Third and finally*, Studdard's refusal to stipulate to the amount in controversy is "probative to [its] existence." *See Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1229 (M.D. Ala. 2021). That said, "a refusal to stipulate *standing alone* does not satisfy [the removing defendant's] burden of proof on the jurisdiction issue." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (emphasis added). And Studdard's refusal to stipulate stands alone here because AS Trans' first two arguments fail.

As a result, AS Trans has not shown that the amount in controversy "more likely than not" exceeds $75,000. *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). So the court lacks subject matter jurisdiction in this case.

## CONCLUSION

For those reasons, the court **REMANDS** the case to the Circuit Court of Etowah County, Alabama, because it lacks subject matter jurisdiction. The court will enter a separate order carrying out its ruling and closing the case.

**DONE** and **ORDERED** on November 24, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE